UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-23600-CIV-SEITZ/MCALILEY

GABRIELLA EMILY NELSON,

        Plaintiff,

vs.

KOBI KARP ARCHITECTURE &
INTERIOR DESIGN, INC, ET AL.,

        Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court upon the Plaintiff's Motion for Reconsideration [DE 35], seeking reconsideration of the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Attorney's Fees and Costs [DE 34]. In that Order, the Court awarded Plaintiff her costs but found that Plaintiff's counsel "unreasonably and unnecessarily dragged this case out in order to increase his fees" and, therefore, denied Plaintiff her attorney's fees. Plaintiff's Motion for Reconsideration seeks reconsideration of the portion of the Court's prior order that denied her fees. Because Plaintiff has not met the high standard for relief under a motion for reconsideration, Plaintiff's motion is denied.

Reconsideration of an order "is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). There are three grounds for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.* at 1369. In order to demonstrate clear error, a plaintiff must do more than simply restate

previous arguments. *Bautista v. Cruise Ships Catering & Service Intern'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2003).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court . . . already thought through-rightly or wrongly. . . . The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted and brackets omitted). Thus, a "motion for reconsideration cannot be used to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of the [challenged order]. This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotations and citations omitted). When a litigant simply thinks a district court's ruling is wrong, the proper remedy is to appeal the ruling, not to seek reconsideration. *Jacobs v. Tempur-Pedic International, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

Plaintiff states that her motion is filed to correct clear error and prevent manifest injustice. Yet, Plaintiff has not pointed to any clear error made by the Court. Instead, Plaintiff essentially argues that the Court sided with Defendants when the Court denied Plaintiff her fees. Plaintiff's Motion for Reconsideration is the equivalent of a grown-up version of a child's "but he started it;" the Motion argues that Plaintiff's actions were simply in response to Defendants' action. However, not agreeing with the Court's objective view of the facts is not a valid basis for a motion for reconsideration. Furthermore, Plaintiff's Motion for Reconsideration is essentially a reprise of the arguments made in Plaintiff's original motion and reply, which, as set out above, is also not a valid basis for a motion for reconsideration.

2

Finally, Plaintiff's reliance on *Munoz v. Kobi Karp Architecture & Interior Design, Inc.*, 09-21273-CIV, 2010 WL 2243798 (S.D. Fla. June 4, 2010) is misplaced. First, Plaintiff could have raised *Munoz* in her original motion but did not. Second, *Munoz* is inapposite. The facts in *Munoz* differ significantly: unlike here, the *Munoz* defendants denied the plaintiff was an employee; the *Munoz* defendants made an Offer of Judgment, which was accepted after several months of litigation; and the Magistrate Judge found that the plaintiff did not reject an earlier settlement offer for fees simply to run up the fees. *Id.* Furthermore, the amount recovered for the *Munoz* plaintiff, $2,384.28, amounted to more than just a nuisance settlement and was not disproportion to the amount of fees awarded, $4,330.00. Here, Defendants paid Plaintiff's wage claim in full before they were even served with process. Thus, at the time Defendants were actually served, the only issue remaining was the amount of fees and costs to which Plaintiff was entitled. By the time Plaintiff filed her original motion for fees, she was seeking $9,065.00 in attorneys' fees for a recovery of $259.20 in allegedly unpaid wages. This is clearly disproportionate and, as set out in the Court's prior order, unreasonable under the particular circumstances of the case. Accordingly, it is hereby

ORDERED that Plaintiff's Plaintiff's Motion for Reconsideration [DE 35] is DENIED.

DONE AND ORDERED in Miami, Florida, this 18th day of June, 2018.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record
Magistrate Judge McAliley

3